# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE STEVENSON, | CASE NO. 1:10-CV-01401-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| v. | CERTAIN CLAIMS AND DEFENDANTS |
| B. KELLUMS, et al., | (DOCS. 13, 14) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**Findings And Recommendation**

**I.     Background**

   Plaintiff Stevie Stevenson ("Plaintiff") is a prisoner in the custody of the California Department of Correction and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint in Kern County Superior Court on April 1, 2010.  Defendants B. Kellums, O. Perales, and A. L. Reyes removed this action on August 2, 2010.  On March 11, 2011, the Court screened Plaintiff's complaint.  Doc. 13.  The Court found that Plaintiff stated cognizable claims for retaliation and excessive force against Defendant Kellums.  The Court also found that Plaintiff's claims against Reyes and Perales arose from a different transaction or occurrence, and was thus in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff failed to state any other claims.  Plaintiff was ordered either to file an amended complaint or notify the Court of his willingness to proceed only on claims found to be cognizable in the order.  On April 11, 2011,

Plaintiff filed notice with the Court that he wished to proceed only on the cognizable claims found.  Doc. 14.  Accordingly, the Court issues the following Findings and Recommendations.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Complaint**

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants B. Kellums, O. Perales, and A. Reyes.

Plaintiff alleges the following.  Plaintiff was the executive chairman of the Inmate Advisory Council at KVSP.  Defendant B. Kellums engaged in a series of actions against Plaintiff, starting on December 18, 2006 when he forbade Plaintiff from obtaining copies, and spread rumors that Plaintiff should be removed from IAC chairmanship because he was allegedly lazy and irresponsible.  On January 23, 2007, Defendant Kellums ordered Plaintiff to throw away Defendant's garbage, which Plaintiff refused.  Plaintiff attempted to report this to the captain, but

was intercepted by Defendant Kellums.  On February 26, 2007, Defendant Kellums made a racial slur against Plaintiff.  On March 1, 2007, Defendant Kellums refused to escort Plaintiff to a medical appointment.  On May 16, 2007, Defendant Kellums threatened to remove Plaintiff's inmate grievances filed against Defendant Kellums; the grievances disappeared.  On May 23, 2007, Defendant Kellums again removed several other 602 inmate grievances filed against him.  On June 27, 2007, while Plaintiff and another inmate were standing in front of the chapel, Defendant Kellums approached and stated to the inmate that he did not know that he hung around broads like Plaintiff.  On July 8, 2007, Plaintiff was being visited by a Ms. Grayson.  Defendant Kellums stared at her menacingly, such that Ms. Grayson became uncomfortable and considered ending her visit.

On July 9, 2007, Plaintiff was informed by other IAC members that Defendant Kellum had approached them with the proposition that if they removed Plaintiff from his position as chairman, then the prison guards would not be harassing the IAC.  On July 12, 2007, Defendant Kellums confronted Plaintiff and challenged him to a fight and used various derogatory terms and racial slurs.  Plaintiff complained to administrative staff, but nothing was done.

On October 11, 2007, Defendant Kellums confronted Plaintiff and vowed to remove Plaintiff from IAC chairmanship.  On January 22, 2008, while standing near the program office and speaking with an institutional coach, Defendant Kellums without provocation slammed his shoulder into the body of Plaintiff such that Plaintiff staggered backwards off balance.

Plaintiff also alleges that on April 27, 2010, the Kern County Superior Court returned Plaintiff's complaint.  It was opened or allowed to be opened by Defendant A. Reyes, who exposed its contents to other prison guards to generate retaliation against Plaintiff.  As a result of Defendant Reyes's conduct, on April 28, 2010, Defendant Perales directly confronted Plaintiff regarding his prosecution of a lawsuit against a fellow prison guard and threatened Plaintiff if he did not dismiss his suit.  Plaintiff's legal files and paperwork were subsequently confiscated, and he was going to be validated as a gang member.  Plaintiff alleges a conspiracy by the "greenwall prison gang," also known as California prison guards.

Plaintiff alleges retaliation in violation of the First Amendment, deliberate indifference in

3

1 violation of the Eighth Amendment, unlawful tampering with a witness and retaliation in
2 violation of 18 U.S.C. §§ 1512 and 1513, state law claim for battery, violation of California Civil
3 Code sections 1708 and 1714, and violation of the Racketeer Influenced and Corrupt
4 Organizations Act, 18 U.S.C. § 1964(c).

Plaintiff requests as relief compensatory and punitive damages.

### III. Analysis

#### A. Rule 20(a) and Conspiracy

Plaintiff's allegations against Defendant Kellums are distinct, separate claims from his allegations against Defendants Perales and Reyes.  Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action.  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding unrelated claims against different defendants belong in different suits).  The Court finds that these claims do not arise from the same transaction or occurrence.  Plaintiff alleges that Defendant Kellums took several actions against Plaintiff from 2006 to 2008.  Plaintiff's allegations against Defendant Perales and Reyes concerned events occurring in 2010, which do not arise from the same transaction or occurrence.  Thus, the Court will recommend dismissal of Defendants Perales and Reyes from this action, without prejudice to Plaintiff filing claims against them in a separate action.

Plaintiff also alleges that Defendants are all part of a conspiracy to violate Plaintiff's constitutional rights.  The Court finds this allegation insufficient to state a claim.  A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'"

4

1 *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

2       The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (2002). However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.* (internal quotations and citations omitted).

      Plaintiff's allegation that Defendants are part of a greenwall prison gang is not sufficient to demonstrate conspiracy that Defendants Kellums, Perales, and Reyes conspired together to violate Plaintiff's constitutional rights. Thus, Plaintiff fails to allege a conspiracy. Accordingly, the Court will dismiss Plaintiff's other claims involving Defendants Perales and Reyes without prejudice, and will screen only Plaintiff's claims against Defendant Kellums.

    **B.**    **Retaliation**

      Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

      Here, Plaintiff has sufficiently alleged a cognizable claim against Defendant Kellums for retaliation in violation of the First Amendment.

    **C.**    **Excessive Force**

      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

5

Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

Plaintiff alleges a cognizable excessive force claim against Defendant B. Kellums.

### D.     **Deliberate Indifference**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, Plaintiff fails to state a cognizable Eighth Amendment claim against Defendant Kellums. Plaintiff fails to allege facts which indicate that Defendant Kellums knew of and disregarded an excessive risk to Plaintiff's health or safety.

6

### E.     Other Federal Claims

Plaintiff alleges a violation of 18 U.S.C. § 1512, § 1513, and RICO.  Sections 1512 and 1513 describe federal statutes for the crimes of witness tampering and retaliation, respectively. These sections do not provide for a private cause of action.  Plaintiff alleges, however, that these are necessary predicate offenses for a violation of 18 U.S.C. § 1964(c).

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 allows a private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962," which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt.  18 U.S.C. §1962.  A violation of § 1962(c) requires 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity.  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S.479, 496 (1985). Furthermore, the plaintiff must actually be injured by the conduct which purportedly violates 18 U.S.C. § 1962.  *Id.*  Plaintiff alleges a violation of 18 U.S.C. § 1962(c).  Plaintiff's allegations are insufficient to state a claim for violation of RICO.  Plaintiff makes only a bare allegation of a violation of RICO, which fails to state a claim.  *Iqbal*, 129 S. Ct. at 1949.

### F.     State Law Claims

Plaintiff also alleges violations of several state laws.  In order to state a cognizable state law claim against state actors, plaintiffs must plead compliance with California's Torts Claims Act.  *California v. Super. Ct. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff fails to allege such compliance. Accordingly, the Court will recommend dismissal of Plaintiff's state law claims.

## IV.    Conclusion And Recommendation

Plaintiff states a cognizable claim for relief against Defendant Kellums for retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment. Plaintiff's claims against Defendants Perales and Reyes are in violation of Federal Rule of Civil Procedure 20(a)(2).  Plaintiff was provided the opportunity to amend his complaint, but declined.

///

///

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants Perales and Reyes be dismissed from this action without prejudice for violation for violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure;

2. This action proceed on Plaintiff's complaint against Defendant B. Kellums for retaliation in violation of the First Amendment and excessive force in violation of the Eighth Amendment;

3. Plaintiff's other claims against Defendant Kellums be dismissed for failure to state a claim; and

4. Defendant B. Kellums be granted thirty (30) days from the date of service of the district judge's order regarding these Findings and Recommendation in which to file a responsive pleading to Plaintiff's complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **April 22, 2011**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE